Filed 10/27/14  P. v. Solano CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B253756 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. MA060019) |
| DANIEL LEONARD SOLANO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Eric P Harmon, Judge.  Affirmed.

Ann Krausz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

## FACTUAL AND PROCEDURAL BACKGROUND

Los Angeles County Sheriff's deputies conducted a traffic stop of a car driven by defendant Daniel Leonard Solano. Crystal Marie Almanza, Solano's girlfriend, was in the front passenger seat. Inside Almanza's purse, deputies found a loaded revolver and a plastic bag containing approximately 50 grams of methamphetamine. One of the deputies searched Solano and recovered over $3,000 in hundred and twenty dollar bills. Deputies subsequently searched Solano's hotel room and discovered ammunition, prescription pills, a digital scale, and several men's watches. None of the pills was packaged in prescription bottles.[1]

The People charged Solano in an information with possession for sale of methamphetamine (Health & Safe. Code, § 11378) with an allegation that he was personally armed with a firearm (Pen. Code, § 12022, subd. (c)), possession for sale of dihydrocodeinone (Health & Safe. Code, § 11351), possession for sale of oxycodone (*ibid.*), possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)), and unlawful possession of ammunition (*id.*, § 30305, subd. (a)(1)). The information specially alleged Solano had been convicted of one serious or violent felony within the meaning of the three strikes law (*id.*, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and of two drug-related convictions within the meaning of Health and Safety Code section 11370.2, subdivisions (a) and (c).[2] Represented by counsel, Solano entered a plea of not guilty and denied the special allegations.

Prior to trial, the trial court heard and denied Solano's two separate motions pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 to replace his appointed counsel. On the morning trial was to begin, Solano entered a negotiated plea of no contest to possession for sale of dihydrocodeinone and admitted he had suffered one prior strike

---

[1] The facts are taken from the preliminary hearing transcript.

[2] The People charged Almanza as a codefendant and she later pleaded guilty. ~(CT 44-50)~

conviction. At the time he entered his plea, the court advised Solano of his constitutional rights and the nature and consequences of the plea, which he stated he understood. Counsel for Solano joined in the waivers of Solano's constitutional rights. The trial court expressly found that Solano's waivers, plea, and admission were voluntary, knowing, and intelligent.

The trial court sentenced Solano in accordance with the plea agreement to an aggregate state prison term of eight years, which was the upper four-year term doubled under the three strikes law. The court awarded Solano 308 days of presentence custody credit and imposed statutory fines, fees, and assessments. The court dismissed the remaining counts and special allegations pursuant to the negotiated agreement.

## DISCUSSION

Solano filed a timely notice of appeal asserting that his trial counsel provided ineffective assistance. The trial court granted his request for a certificate of probable cause without an explanation and, from our perspective, without any basis in the record.

We appointed counsel to represent Solano on appeal. After examining the record, counsel filed an opening brief raising no issues. On July 29, 2014 we advised Solano that he had 30 days to personally submit any contentions or issues he wished us to consider. We have received no response.

We have examined the entire record and are satisfied Solano's attorney on appeal has fully complied with the responsibilities of counsel and there are no arguable issues. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441.) The record fails to demonstrate that defense counsel provided ineffective assistance at any time during the proceedings in the trial court. (See *Strickland v. Washington* (1984) 466 U.S. 668, 686 [104 S.Ct. 2052, 80 L.Ed.2d 674.].)

3

## DISPOSITION

The judgment is affirmed.

SEGAL, J.[*]

We concur:

PERLUSS, P. J.

ZELON, J.

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.